UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE DEMETRIUS KARALIS,<br><br>　　　Plaintiff<br><br>v.<br><br>KELLY DOUGLAS CARN and THELMA ELLEN CARN,<br><br>　　　Defendants | Case No.: 2:24-cv-00968-APG-MDC<br><br>**Order Granting in Part Defendants' Supplemental Motion to Dismiss**<br><br>[ECF No. 32] |

　　　George Karalis sues Kelly Carn and Thelma Carn for breach of contract, restitution, unjust enrichment, and an accounting. Karalis alleges that Kelly[1] has not paid him (1) $20,000 owed under a 2017 Settlement Agreement and (2) $76,464.81 owed under a 2016 Nevada state criminal restitution order. The defendants move to dismiss Karalis' complaint for failure to state a claim. For the reasons below, I grant the motion in part and dismiss all claims against Thelma as well as Karalis' claim for accounting. I deny the motion in all other respects.

**I.　LEGAL STANDARD**

　　　Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim. In evaluating a Rule 12(b)(6) motion, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). A plaintiff must also make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). When the claims have not crossed the line from the conceivable to plausible, the complaint must be dismissed. *Id.* at 570. Conclusory

---

[1] To avoid confusion, I refer to the Carns by their first names.

allegations of law are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). In evaluating a 12(b)(6) motion, allegations of a pro se complaint "are held to less stringent standards than formal pleadings drafted by lawyers." *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted).

A claim may be dismissed because "it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (simplified). Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (simplified).

## II. ANALYSIS

Karalis' complaint alleges breach of contract (claim 1); "willful non-compliance with criminal court's restitution order" (claim 2); "constructive trust, unjust enrichment, disgorgement" (claim 3); and "accounting" (claim 4). ECF No. 1 at 5-9. The Carns move to dismiss all of these claims.

### A. *All claims against Thelma Carn are dismissed because she was not a party to the Settlement Agreement or subject to any restitution order.*

The defendants move to dismiss all claims against Thelma Carn because the complaint does not allege that Thelma signed the Settlement Agreement or that Thelma is subject to any restitution order. Karalis responds that Thelma's liability in this case "arises from the marital relationship, without Plaintiff being required to prove criminal culpability or dishonesty on Thelma's part." ECF No. 33 at 2. In support of this liability for a "non-signatory spouse," Karalis cites Nevada Revised Statutes (NRS) § 123.010. *See* ECF No. 16 at 8.

The complaint does not allege that Thelma was a party to the Settlement Agreement or subject to any restitution order. To establish Thelma's liability, the complaint alleges that

2

Thelma was married to Kelly and is thereby jointly and severally liable "because one spouse acts as agent for the other." ECF No. 1 at 4. The complaint also alleges that Thelma "was physically present" when Karalis "was deceived and mistreated," such that Thelma "was an active participant in perpetrating frauds on Plaintiff." *Id.*

None of these allegations suffices to state a claim against Thelma. Absent certain exceptions not relevant here, NRS § 123.010 establishes that married couples are subject to Nevada's statutory community property laws. That statute does not alone establish personal liability for the actions of one's spouse. According to Karalis' complaint, the basis of Thelma's liability for Kelly's actions "was simply the fact of her marriage to" Kelly, but that allegation is not a basis for liability. *See Jewett v. Patt*, 591 P.2d 1151, 1152 (Nev. 1979) (dismissing professional malpractice claim against wife where marital relationship was the sole basis of her liability). "Whether community property is subject to a judgment against [Kelly], if one is obtained, is another matter." *See id.*

Even if the complaint properly alleged that Thelma was engaged in fraudulent conduct,[2] it does not plead facts connecting that conduct to Karalis' breach of contract, restitution, and unjust enrichment claims. I therefore dismiss Karalis' claims against Thelma Carn. Because Karalis is proceeding pro se, I grant him leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). I will therefore consider the remaining claims only as they relate to Kelly.

---

[2] And even if these fraud allegations against Thelma were relevant to Karalis' claims, the complaint does not state with particularity the "who, what, when, where, and how" of Thelma's alleged fraudulent conduct as required under Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (simplified).

### B. The breach of contract claim does not appear beyond doubt from the face of the complaint to be barred by the six-year statute of limitations.

Kelly argues that the breach of contract claim is barred by Nevada's six-year limitation period for breach of contract claims. He contends that the limitation period started running upon the dismissal of *Karalis v. The Gun Vault, Inc.*, No. 2:12-cv-00694-APG-GWF (D. Nev. 2012) on November 28, 2017, a couple months after Karalis and Kelly executed the Settlement Agreement. This dismissal date is more than six years prior to the filing of this case on February 26, 2024. Karalis responds that based on the Settlement Agreement's terms, the limitation period started running on April 16, 2020 because Kelly's "duty to initiate payment to Karalis did not arise until [Kelly] received the first proceeds from the government sale of [Kelly's] seized guns." ECF No. 33 at 3. This arrangement gave Kelly "flexibility" as to when payment would be due to Karalis. ECF No. 16 at 17.

NRS § 11.190(1)(b) requires a breach of contract action to be brought within six years of its accrual. A cause of action for breach of contract accrues on the date of "the last transaction or the last item charged or last credit given." NRS § 11.200(1). This statutory definition of accrual comports with the longstanding rule "applicable in all cases" that the limitation period "begins to run when the debt is due, and an action can be instituted upon it." *Davidson v. Davidson*, 382 P.3d 880, 885 (Nev. 2016) (en banc) (simplified).[3] Under the discovery rule, the accrual of a breach of contract claim is delayed until "the plaintiff knows or should know of facts constituting

---

[3] *See also Grayson v. State Farm Mut. Auto. Ins.*, 971 P.2d 798, 799 (Nev. 1998), *as modified on denial of reh'g* (Mar. 19, 1999) ("[I]t would be illogical to begin the statute of limitations before the insured even has a justiciable claim for breach of contract."); *Mitman v. LA 1, LLC*, Nos. 83350, 84031, 2023 WL 8270780, at *1 (Nev. 2023) ("Mitman incorrectly bases the statute of limitation accrual on the date the [agreements] were executed; however, the operative accrual date is the date Mitman breached the [agreements] by failing to disburse LA1 its share of the sale profits for each property.").

4

a breach." *Bemis v. Est. of Bemis*, 967 P.2d 437, 440 (Nev. 1998) (simplified).  As relevant here, the limitation period begins when the plaintiff knows or should know that he can sue the defendant for failure to pay a contractual debt.

If a contract does not specify a due date for payment, Nevada law fills the gap.  Unless the contract specifies a time for performance, the parties "must perform under the contract within a reasonable time, which depends upon the nature of the contract and the particular circumstances involved." *Mayfield v. Koroghli*, 184 P.3d 362, 366 (Nev. 2008) (simplified).  So "[w]hether the time in question is reasonable is a question of fact." *Vanbuskirk v. Nakamura*, No. 67816, 2016 WL 2985026, at *2 (Nev. May 20, 2016).

Here, the Settlement Agreement does not state when Kelly's payment to Karalis was due.  ECF No. 1-1 at 25-29.  So payment was due at a reasonable time.  Kelly assumes that payment was due upon dismissal of Karalis' civil suit against Kelly in November 2017.  Karalis argues that he could not have reasonably demanded payment until April 2020 due to the timing of the gun sale and Kelly's criminal case.  Kelly did not file a reply brief so he does not explain why Karalis could have sued for breach as early as the day that the civil suit was dismissed.  It thus does not appear beyond doubt from the face of the complaint that Karalis' contract claim is barred by the six-year limitation period.  So I deny Kelly's motion to dismiss the breach of contract claim.

### C.    *Karalis may assert a claim for the restitution owed by Kelly.*

Kelly argues that Karalis' restitution claim seeks specific performance for payment of the Nevada court's award of restitution, and specific performance is inappropriate because Karalis has an adequate legal (monetary) remedy under Federal Rule of Civil Procedure 69.  Citing Rule 69, Kelly claims that the proper procedure is for Karalis to enforce the restitution order "by a writ of execution" that "accord[s] with the procedure of the state where the court is located."

ECF No. 32 at 9 (simplified).  Karalis responds that his claim to recover restitution from Kelly is authorized under Rule 69 and NRS § 176.275.

As an initial matter, Karalis' complaint seeks specific performance "or" damages. ECF No. 1 at 6.  Construed with the required liberality, the complaint appears to seek equitable and legal relief for Kelly's alleged failure to pay restitution as ordered by the Nevada state court.  But the complaint does not cite a civil cause of action due to "wilful (sic) non-compliance" with a Nevada state court restitution order. *See id.*  The question is what cause of action for this claim exists, if any.

Both parties suggest Rule 69 as a basis for recovering restitution.  Rule 69 states that "[a] money judgment is enforced by a writ of execution."  But Rule 69 applies only to a judgment by a federal district court. *Labertew v. Langemeier*, 846 F.3d 1028, 1033 (9th Cir. 2017).  "Rule 69 is not available to enforce state court judgments in federal court." *Id.* (quotation omitted). Because Karalis seeks to enforce a state court restitution judgment in federal court, Rule 69 does not apply here.  So contrary to Kelly's contention, Rule 69 does not provide an adequate remedy at law for Karalis.

Karalis argues that NRS § 176.275 provides a cause of action for recovering restitution. NRS § 176.275(1) states that "[a] judgment which . . . requires a defendant to pay restitution . . . constitutes a lien in like manner as a judgment for money rendered in a civil action." NRS § 176.275(3) further provides that "[a]n independent action to enforce a judgment which requires a defendant to pay restitution may be commenced at any time."  This statute thus permits a plaintiff owed restitution from a criminal proceeding to sue for that restitution in a separate civil proceeding. *See White v. Las Vegas Metro. Police Dep't*, No. 85824-COA, 2023 WL 3644999, at *2 (Nev. App. May 24, 2023) (rejecting the argument that "the restitution order could only be

6

enforced in the criminal action where it was entered" because NRS § 176.275(3) "specifically authorizes" an independent action to enforce the restitution order).

Karalis' complaint alleges that Kelly owes him $76,464.81 under a Nevada state court "criminal restitution order." ECF No. 1 at 6; *see also* ECF No. 1-1 at 3-5, 22-23. NRS § 176.275(3) appears to provide Karalis a cause of action to collect on that debt. Kelly did not file a reply brief addressing this argument. Additionally, the parties do not discuss the extent to which this statute permits Karalis to seek specific performance. Though specific performance is generally a remedy for breach of contract claims,[4] I will not address at this stage whether specific performance or any other remedy is warranted in an action under NRS § 176.275(3). Because Kelly has not shown that the complaint fails to state a claim for recovery of a Nevada state-court restitution award, I deny his motion to dismiss Karalis' claim to enforce the restitution award.

> **D.     The unjust enrichment claim does not appear beyond doubt from the face of the complaint to be barred by the four-year statute of limitations, and constructive trust and disgorgement are remedies for unjust enrichment.**

Kelly argues that Karalis' complaint does not state a claim for "constructive trust" because it is a remedy, not a cause of action. He also argues that Karalis' claim for unjust enrichment is barred by Nevada's four-year statute of limitations on unjust enrichment claims. Karalis responds that his unjust enrichment claim is not barred by the statute of limitations for the same reasons that the breach of contract claim is not.

The limitation period for an unjust enrichment claim is four years. *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011). That limitation period runs "from the date the claim accrues, which is generally 'when the wrong occurs and a party sustains injuries for which

---

[4] *See generally Pauma Band of Luiseno Mission Indians of Pauma & Yuima Rsrv. v. California*, 813 F.3d 1155, 1167 (9th Cir. 2015).

relief could be sought.'" *Las Vegas Rental Homes Corp. v. Bank of New York Mellon*, No. 80546-COA, 2021 WL 3088878, at *3 (Nev. App. July 21, 2021) (quoting *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990)). As with the breach of contract claim, Kelly contends that the unjust enrichment claim accrued in November 2017. But again he does not explain why Karalis would have been able to sue for unjust enrichment on the same day the civil case was dismissed, nor does he address Karalis' argument that the unjust enrichment claim accrued several years later. It thus does not appear beyond doubt from the face of the complaint that Karalis' unjust enrichment claim is barred by the four-year statute of limitations. So I deny Kelly's motion to dismiss Karalis' unjust enrichment claim as untimely.

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (simplified). A constructive trust is a "remedial device" by which a "holder of legal title to property" acts as a "trustee of that property for the benefit of another" who is entitled to the property. *Locken v. Locken*, 650 P.2d 803, 804-05 (Nev. 1982). A constructive trust "redresses unjust enrichment." *Bemis*, 967 P.2d at 441 (quotation omitted). Similarly, remedying unjust enrichment involves "disgorgement of wrongful gain." *UnitedHealthCare Ins. Co. v. Fremont Emergency Servs. (Mandavia), Ltd*, 570 P.3d 107, 125 (Nev. 2025) (en banc) (quoting Restatement (Third) of Restitution and Unjust Enrichment, § 51 cmt. k).

Karalis' complaint alleges that Kelly owes $76,464.81 in restitution and $20,000 under the Settlement Agreement and that Kelly "has had the use of those funds for years." ECF No. 1

at 7. Karalis claims that Kelly profited from withholding these funds. *Id.* Kelly does not challenge the sufficiency of the factual allegations supporting Karalis' unjust enrichment claim. Because Kelly has not shown that the complaint fails to state a claim for unjust enrichment, I deny his motion to dismiss Karalis' unjust enrichment claim. But I grant Kelly's motion to the extent that constructive trust and disgorgement are remedies for unjust enrichment, not independent claims.

### E. *The accounting claim does not state an independent cause of action.*

Kelly argues that Karalis' claim for accounting is "essentially an overbroad discovery request." ECF No. 32 at 10. Karalis does not respond to this argument. I therefore grant this portion of Kelly's motion as unopposed. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to [a motion to dismiss] constitutes a consent to granting of the motion."). Moreover, although an accounting is available in certain circumstances under Nevada law,[5] Karalis does not explain why an accounting is available here as independent cause of action. To the extent that Karalis seeks information regarding Kelly's finances, that information may be sought through an ordinary discovery request. To the extent that Karalis seeks accounting as a remedy for his other claims, he may pursue an accounting, if appropriate, if he prevails on his other claims. Because accounting is not an independent cause of action, I grant Kelly's motion to dismiss Karalis' claim for an accounting.

## III. CONCLUSION

I THEREFORE ORDER that Kelly Carn and Thelma Carn's motion to dismiss **(ECF No. 32) is GRANTED in part.** I dismiss with prejudice plaintiff George Karalis' claims for a

---

[5] *See, e.g.*, NRS § 165.1201(2) (imposing duty on trustee to "account for the income and principal" of a testamentary trust).

9

constructive trust and disgorgement (portions of claim 3) and for an accounting (claim 4) to the extent they are asserted as independent causes of action rather than remedies. I dismiss without prejudice and with leave to amend all claims against Thelma Carn. Karalis may file an amended complaint, if facts exist to do so, by August 30, 2025. I deny the defendants' motion in all other respects.

DATED this 30th day of July, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE