**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| George Demetrius Karalis, | Case No. 2:24-cv-00968-APG-MDC |
| Plaintiff, | **ORDER DENYING MOTIONS TO STRIKE (ECF NOS. 38, 39)** |
| vs. | |
| Kelly Douglas Carn, *et al.*, | |
| Defendants. | |

Plaintiff filed two Motions to Strike (collectively the "Motions") (ECF Nos. 38, 39) defendant's Kelly Douglas Carn's ("defendant Carn") Answer (ECF No. 35) to the Complaint (ECF No. 1). The Court **DENIES** the Motions for the reasons below.

I.      BACKGROUND

On February 26, 2024, pro se plaintiff filed his complaint against defendants alleging breach of contract, restitution, unjust enrichment, and requesting for an accounting. *See generally ECF No. 1*. This action arose in part out of plaintiff's claims that defendant Carn owes him "$76,464.81" in restitution and "$20,000" under a Settlement Agreement. *Id.* at 7. Defendants were served on March 14, 2024. *ECF No. 10*. On July 30, 2025, the District Judge entered an order (ECF No. 34) granting in part and denying in part defendants' *Motion to Dismiss* (ECF No. 32), and dismissing potions of plaintiff's unjust enrichment claim and his request for an accounting. Plaintiff was given leave to file an amended complaint by August 30, 2025. Plaintiff did not file an amended complaint, and defendant Carn filed her answer to the original Complaint on October 7, 2025. Plaintiff then filed these Motions. *ECF Nos. 38*, *39*. Defendant Carn opposes the Motions. *ECF Nos. 40, 41*.

//

//

//

1

## II.    GENERAL LEGAL PRINCIPLES

Fed. R. Civ. P. 12(f) permits the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. District Courts also have the inherent power to control their own dockets, including the power "to determine what appears in the court's records." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404-05 (9th Cir.2010). "Motions to strike under the inherent power, as with Rule 12(f) motions, are wholly discretionary." *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that have complicated proceedings. *Id.* Any document not allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court or a direct order of this Court "is a fugitive document and must be stricken from the record." *Reiger v. Nevens*, No. 3:12-cv-218-MM, 2014 WL 537613, at *2 (D. Nev. Feb. 7, 2014). However, this Court has held that a showing of prejudice is a threshold issue in considering motions to strike. *Snow Covered Capital, LLC v. Fonfa*, 2023 WL 5726259 (D. Nev. March 6, 2023); *see Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (after determining no prejudice existed, finding it unnecessary to strike 30 "listed" affirmative defenses).

Federal Rule of Civil Procedure Rule ("Rule") 12(a)(1)(A) states a party served with a complaint must respond within 21 days after being served. Fed. R. Civ. P. 12(a)(1)(A).

## III.    ANALYSIS

Plaintiff moves to strike defendant Carn's affirmative defenses and jury trial demand from the docket (*see* ECF No. 38) and moves to strike her Answer in its entirety because it was untimely filed (ECF No. 39).  The Court is not persuaded to strike defendant's affirmative defenses or answer.

Foremost, plaintiff is not prejudiced by defendant's assertion or pleading of its affirmative defenses. *See Snow Covered Capital, LLC*, 2023 WL 5726259; *Roadhouse*, 290 F.R.D. at 543 (D.

2

Nev. 2013). Second, plaintiff's arguments challenge the merits of defendant's affirmative defenses (*see e.g.*, ECF No. 38 at 9-12) and such challenges on the merits are more appropriately raised and resolved through dispositive motions.

Finally, plaintiff argues that defendant Carn's affirmative defenses are "skeletal one-liners" and violate the "fair notice" doctrine. *ECF No. 38* at 3. The Court has reviewed defendant's affirmative defenses and finds that they have been sufficiently stated. In the Ninth Circuit, "[t]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015). In reviewing defendant Carn's affirmative defenses, she has recited her defenses sufficient to meet the fair notice requirement. *See Hukman v. Terrible Herbst Inc.*, No. 2:21-cv-01279-ART-MDC, 2024 WL 365290, at *2 (D. Nev. January 31, 2024) (finding that defendant's affirmative defenses met the fair notice requirement); *see also Hukman*, No. 2:21-cv-01279-ART-MDC, ECF No. 60 *Answer to Amended Complaint* (several of the affirmative defenses were short, general, and one sentence long).

Plaintiff additionally seems to argue that defendant Carn's equitable affirmative defenses are barred by the "unclean hands" doctrine. Specifically, plaintiff argues that it was defendant Carn's alleged wrongdoing against him that led to the Settlement Agreement at issue here. *See ECF No. 38* at 4. He states that defendant Carn's alleged deceptive behavior is a "deliberative and chronic scheme to defraud plaintiff repetitively." *Id.* Unclean hands may defeat defendant's equitable affirmative defense. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 841-42 (9th Cir. 2002). However, such determination generally depends on whether the plaintiff has established sufficient facts to show that a defendant has unclean hands. *See id.* ("A plaintiff can escape laches under the unclean hands doctrine only if the court is left with a firm conviction that the defendant acted with a fraudulent intent in making the challenged claims."). Here, plaintiff's motion to strike fails to establish undisputed facts to leave this Court with a "firm conviction" that defendant Carn acted with fraudulent

intent. But again, such determination on the merits is more appropriately raised in a dispositive motion.

Finally, plaintiff's argument that defendant Carn's Answer should be struck because it was untimely filed (ECF No. 39) is also unpersuasive. Defendant Carn acknowledges that she was untimely in filing her Answer. *ECF No. 40* at 2. However, the Federal Rules of Civil Procedure do not "provide a specific sanction for late filing of an answer." *McCabe v. Arave*, 827 F.2d 634, 641 n.5 (9th Cir. 1987). Moreover, federal courts in this circuit generally hold that the untimeliness of an answer is not, by itself, a sufficient basis to grant a motion to strike. *See Eagle Rock Contracting, LLC v. Nat'l Sec. Techs., LLC*, 2016 WL 1555711, at *1 (D. Nev. Apr. 15, 2016) (collecting cases); *see also McCabe*, 827 F.2d at 639-40 (concluding that a district judge did not abuse his discretion by denying the plaintiffs' request that the defendants' defenses be stricken from an answer that plaintiffs received on the day of trial); *Est. of Hirata v. Ida*, 2011 WL 3290409, at *3 (D. Haw. June 14, 2011) (declining to strike an answer that was more than nine months late where defendants "demonstrated an intent to defend the case on the merits"). The Court thus declines to strike defendant Carn's Answer because it was untimely.

//

//

//

//

//

//

//

//

//

4

## IV.   CONCLUSION

The Court denies the Motions to Strike. Plaintiff may file a dispositive motion in this case as it proceeds through the pre-trial and discovery process.

ACCORDINGLY,

**IT IS ORDERED that:**

Plaintiff's Motions to Strike (ECF Nos. 38, 39) are **DENIED**.

DATED: January 14, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**