**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE DEMETRIUS KARALIS,<br><br>Plaintiff<br><br>v.<br><br>KELLY DOUGLAS CARN,<br><br>Defendant | Case No.: 2:24-cv-00968-APG-MDC<br><br>**Order Granting in Part Motion for Summary Judgment**<br><br>[ECF No. 57] |

George Karalis moves for summary judgment on his claims against Kelly Carn. ECF No. 57. Carn did not respond to the motion even though I extended the time for him to do so. ECF No. 63. But I may not grant a motion for summary judgment simply because the nonmoving party did not oppose it. *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994). Rather, Karalis must still meet his burden of establishing that he is entitled to judgment as a matter of law. Karalis has met this burden as to one of his claims so I grant part of his motion.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of

material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

Karalis' first cause of action asserts that Carn breached a settlement agreement in a prior case that called for payment of $20,000 to Karalis. ECF No. 1 at 5-6. However, that settlement agreement specifically states that the $20,000 payment is owed by Gun Vault, not Carn. ECF No. 1-1 at 25. Karalis has not shown why Carn, instead of Gun Vault, owes that money. Thus, I deny his motion for summary judgment on that claim.

Karalis' second cause of action arises from Carn's failure to pay Karalis restitution as ordered by the Nevada state court in connection with Carn's conviction for theft. ECF No. 1 at 6. In his state court plea agreement, Carn agreed to pay Karalis $98,180 in restitution. ECF No. 57 at 54. The state court judgment of conviction ordered Carn to pay Karalis $98,189 as restitution. *Id.* at 29.[1] Karalis acknowledges he has received $21,715.19 so far. *Id*. at 13.

Under Nevada law, a "judgment which . . . requires a defendant to pay restitution . . . constitutes a lien in like manner as a judgment for money rendered in a civil action." Nev. Rev. Stat. § 176.275(1). "An independent action to enforce a judgment which requires a defendant to pay restitution may be commenced at any time." Nev. Rev. Stat. § 176.275(3). Carn offers no evidence or argument to rebut this. Thus, Karalis is entitled to judgment in the amount of $76,473.81 for the restitution owed to him by Carn.

---

[1] The judgment of conviction also states that Carn must execute a Civil Confession of Judgment in that amount. ECF No. 57 at 29. But Karalis has not provided me that document.

Karalis has not moved for summary judgment on the remaining portion of his third claim asserting unjust enrichment. That claim is likely moot given that Karalis will obtain a judgment against Carn. Nevertheless, because it remains pending, I will not enter judgment on the restitution claim at this time.

Karalis also seeks an award of interest on the amount owed, citing both Nevada Revised Statutes (NRS) §§ 99.040 and 17.130(2). ECF No. 57 at 9, 15. Section 99.040 applies to money owed on contracts or for wages, salaries, and similar things. Nev. Rev. Stat. § 99.040(1). Interest on judgments, from which the restitution order at issue here arises, is governed by § 17.130, which provides a calculation based upon the prime interest rate. I will award Karalis interest on the $76,473.81 he is owed for restitution once judgment is finally entered.

I THEREFORE ORDER that Karalis' motion for summary judgment **(ECF No. 57) is granted in part.** I deny the portion of the motion seeking judgment on Karalis' first claim, seeking payment on the settlement agreement. I grant the portion of the motion seeking judgment on the $76,473.81 of restitution that Carn owes Karalis. I will defer entry of judgment until the remaining claims are resolved.

I FURTHER ORDER Karalis to decide whether to voluntarily dismiss the remaining claims (breach of contract and unjust enrichment) or to pursue them at trial. If he chooses to dismiss the remaining claims and to seek prejudgment interest on the restitution amount, he must file a voluntary dismissal of the remaining claims and a motion for prejudgment interest. That motion must include calculations for the interest owed through September 15, 2026, plus a per diem amount thereafter. If Karalis intends to pursue the remaining claims, he must file a notice of his intent to proceed to trial by September 15, 2026. If he intends to proceed to trial on those claims, he must take the initiative to contact Carn to prepare the proposed joint pretrial order

required under Local Rules 16-3 and 16-4. I urge Karalis and Carn to carefully review those rules and comply with them in preparing the joint pretrial order. Absent a settlement or dismissal of the remaining claims, the joint pretrial order is due October 8, 2026.

DATED this 18th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE